UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY SCOON | )Case No.:  19-cv-13440 |
| | )HONORABLE DENISE PAGE HOOD |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| RITCHIE ENTERPRISES, LLC, | ) |
| SANDUSKY INVESTMENTS, | ) |
| LLC and DONALD DUANE | ) |
| RITCHIE, In his personal and | ) |
| professional capacities; | ) |
| | ) |
| Defendants. | ) |
| | ) |

SALVATORE PRESCOTT & PORTER, PLLC
BY:  SARAH S. PRESCOTT (P70510)
     NORA E. MAHLBERG (P83584)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
O'NEILL, WALLACE & DOYLE, P.C.
BY: CHRISTOPHER J. MARKER (P81564)
    DAVID CARBAJAL (P41130)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
RAFTERY & BARRON PC
BY: JEANNE V. BARRON (P37138)
    MICHELLE URBANEK (P82533)
Attorneys for Defendants
32901 Middlebelt Rd Ste 500
Farmington Hills, MI 48334
(248) 538-2400

1

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES

NOW COME Defendants, RITCHIE ENTERPRISES, LLC, SANDUSKY INVESTMENTS, LLC and DONALD DUANE RITCHIE (collectively "Defendants"), by and through their attorneys, CHRISTOPHER J. MARKER and JEANNE V. BARRON, and for their Response to Plaintiff's Motion to Compel Defendants' Discovery Responses, state as follows:

1.  That Defendants admit that Plaintiff filed her Eleven (11) Count Complaint alleging Race Discrimination; National Origin Discrimination; Disability Discrimination; Intentional Infliction of Emotional Distress and Assault on or about November 20, 2019. *See Plf.'s Complaint* – Exhibit 1.

2.  That Defendants admit that Plaintiff served her first set of Interrogatories and Requests to Produce Documents on February 18, 2020.

3.  That Defendants admit that Plaintiff's counsel emailed the undersigned seeking an update on when responses would be received to which the undersigned responded that same had been forwarded to Defendant Ritchie and would be forwarded to Plaintiff's counsel upon receipt thereof.

4.  That Defendants admit that Plaintiff's counsel was apparently not satisfied with the response that the requests had been forwarded to Defendant Ritchie and would be forwarded to her upon receipt thereof. Defendants deny that further response was necessary.

5. That Defendants admit that Plaintiff's counsel emailed the undersigned on April 1, 2020, after Stay Home, Stay Safe Executive Orders had been executed on March 23, 2020 and other Orders had been executed related to the closure of certain businesses on March 16, 2020 (prior to the date that these responses were due) indicating that a public health crisis was imminent.  This email from Plaintiff's counsel acknowledged this crisis and stated:

> I hope that you are doing well *despite everything that is going on.  I recognize things are changings every day and we are all needing to adjust*, but I would still appreciate if we can communicate about this case in a timely fashion.

> *I understand that, given the circumstances,* you may need a little more time to respond to our discovery requests.  Please let me know how much time you expect to need to provide us with complete responses. *I would prefer not to unnecessarily tax the courts right now with a motion to compel.*

That Defendants further admit that the undersigned responded to Plaintiff's counsel on April 1, 2020 acknowledging the fact that responses had to be sent via regular mail, during a pandemic, to an elderly client who he could not simply go to meet with given the restrictions on travel, and stated:

> As I stated in my last correspondence, I have forwarded the discovery requests to my client.  As you are likely aware, my client is an elderly gentleman (thought to be extra-susceptible to contracting COVID-19) who does not use and has not given me an email address.  In addition, *given the current state of things, I cannot simply drive to his home to get responses filled out and documents that you seek*.  I will contact him again to discuss the discovery responses which will be forwarded to you as soon as I receive them in the mail.

3

*See* Exhibit B to Plf.'s Motion.

6.  That Defendants deny the allegations contained within the Instant Paragraph of Plaintiff's Motion as stated.

7.  That Defendants admit that they forwarded Discovery Responses that are the subject of this Motion to Compel Discovery Responses to Plaintiff's counsel on May 7, 2020. *See Def.s' Responses to Plf.'s Discovery Requests* – Exhibit 2.

8.  That Defendants deny that the responses that it supplied to the Plaintiff are inadequate and rather affirmatively aver that same were truthful, accurate and complete to the best of Defendants' knowledge and ability.  Plaintiff's Discovery Requests and Defendants' Responses that Plaintiff takes issue with related to the sufficiency of same are outlined below with a brief response to Plaintiff's allegations contained within her Motion:

a.  **Interrogatory No. 1:**  State every occasion you have spoken with Plaintiff and the contents of those conversations.

**RESPONSE:** Defendants object to the instant interrogatory on the grounds that the same is vague, ambiguous and overbroad as it fails to define a relevant time frame.  Defendants further object to the instant interrogatory on the grounds that the same seeks a narrative.  Subject to the stated objections, and without waiving same, discovery is ongoing and Plaintiff is free to take the deposition of Donald Duane Ritchie.

This request seeks information that is within Plaintiff's possession and control – the content of conversations that Plaintiff herself had with Defendant Ritchie. Plaintiff, perhaps acknowledging that she is aware of the content of the conversations between her and Defendant Ritchie which she seeks in this request states in her Motion that "the instances when the two interacted are not voluminous nor did they occur over a long period of time." Indeed, her Complaint, which is required to be pled in good faith with sufficient factual basis to support the allegations contained therein, references multiple alleged conversations that she believes took place and the content of same. *See* Exhibit 1 at pgs. 3-6. She is aware of the information, can use it to prepare for the Deposition of Defendant Ritchie and can cross examine Defendant Ritchie with this information at his deposition. The Request is overbroad and fails to define any relevant time frame for the conversations requested.

b. **<u>Interrogatory No. 3:</u>** State any and all times Plaintiff has requested a tenancy with Defendants and the basis for denying her request.

**RESPONSE:** This information is / should be known by the Plaintiff as the individual making said request. Defendants recall that Plaintiff has requested an apartment on one occasion. However, at the time of the request, there were no apartments available. Plaintiff has since been offered an apartment when one became available on February 15, 2020 at $650 per month for a two-bedroom apartment with a one-year lease subject

to same terms and conditions applied to all apartments at Defendants' apartment complex.

Defendants deny that this request is unresponsive.   This request again seeks information that is within Plaintiff's possession and control – the content of conversations / number of applications that Plaintiff herself had with / submitted to Defendant Ritchie.   Further, Defendants answered this interrogatory to the best of their knowledge and ability despite the fact that this information is in possession of same stating that "Defendants recall that Plaintiff has requested an apartment on one occasion.   However, at the time of the request, there were no apartments available." Indeed, this answer completely answers the questions posed: Home many times did Plaintiff request an apartment? Once; Why was she denied tenancy on that occasion? Because no apartments were available.   The fact that Plaintiff's counsel believes that this does not comport with her client's side of this story does not make the response insufficient or evasive.   Rather it completely answers the question posed.   Further information related to "tenancy" vs. "request for an apartment" speaks directly to the way that the question was posed, not the answer itself.

c. **Interrogatory No. 5:**  State the factual basis for your assertion that you denied Plaintiff's tenancy in whole or in part for "health and safety concerns."

**RESPONSE:** Defendants are unable to answer the instant interrogatory in its present form as it fails to reference relevant documentation for which a factual basis is sought.

Defendants stand by the answer given to this Interrogatory. The fact that the Interrogatory lacks context and fails to identify what document the quoted language is contained within again speaks to the form of the question and not the substance of the answer. Defendants and their counsel cannot possibly be expected to answer an interrogatory / determine information that an interrogatory seeks through osmosis. This Interrogatory does not clearly reference Defendants' Answer or a paragraph therein (given the fact that there are 158 numbered paragraphs in response to Plaintiff's voluminous complaint). *See Def.s' Answer to Plf.'s Complaint* – Exhibit 3. The interrogatory references no document at all.

d. **Request to Produce No. 2:** Produce all leases between tenants and Defendants for the past five years.

**RESPONSE:** Defendants object to the instant request for production of documents on the grounds that the same is overbroad, a request for information containing personal identifiable information of tenants and is otherwise undiscoverable. Subject to the objections, please see the standard lease agreement that is already in Plaintiff's possession utilized for all tenants.

Defendants again stand by their response to Plaintiff's request.  Plaintiff seeks production of all leases between tenants and Defendants for the past five (5) years for over thirty (30) units on this property alone.  In response, Defendants supplied a lease agreement that has been used with all of the tenants.  Defendants do not have authority to divulge the personal information of their tenants who may or may not choose to be involved in this litigation.  Plaintiff is perfectly capable to going to Defendants' apartment complex and requesting this information from Defendants' tenants.

e. **Request to Produce No. 5:** Produce all documents regarding Defendants' correspondence with David Vannest.

    **RESPONSE:** Please see the attached.

With the exception of every lease, as described above, Defendants have produced every document related to Plaintiff and Defendants and Plaintiff's father that Plaintiff had not already produced to Defendants.

f. **Request to Produce No. 6:** Provide all documentation supporting the basis for denying Plaintiff's tenancy.

    **RESPONSE:** Please see answer to interrogatory number three and the Defendants' previous answers to Plaintiff's discovery requests.

The response to this request specifically answers the question / request posed and specifically references Plaintiff's answer to interrogatory number three.

g. **Request to Produce No. 7:** Provide all postings for apartments in Defendants' properties for the past five years.

**RESPONSE:** As stated in Defendants' summary of the case within the joint discovery plan, Defendants have advertised the apartments, but the advertisements run continuously, regardless of apartment availability. Plaintiff is in possession of said postings.

Defendants responded to Plaintiff's instant request wholly and truthfully. Defendants advertise these apartments continuously as explained and do not retain the advertisements in their possession.  In Response to Defendants' Discovery Requests, Plaintiff produced certain advertisements in the Sanilac County Newspaper for these apartments.  Plaintiff is perfectly capable of subpoenaing the information sought within this Discovery Request directly from the source – the Sanilac County Newspaper.  Defendant would be happy to provide an authorization for this information if necessary and would request a copy of same as this information is not within Defendants possession and is just as assessible to Plaintiff as it is Defendants.

h. **Request to Produce No. 8:** Produce a copy of any insurance policy that covers any claims.

**RESPONSE:** Defendants object for the instant request for production of documents on the grounds that the same makes reference to insurance and

seeks information and/or evidence that is not relevant or reasonably calculated to lead to the discovery of admissible evidence in this cause. Subject to the stated objection, and without waiving same declaration pages have been requested by each counsel for Defendants and will be provided upon receipt thereof.

Defendants stand by this Response as well. They had requested a declarations page from their insurers and stated that they would provide same upon receipt thereof. A copy of the requested declarations page was recently received on May 28, 2020 and is attached hereto as *Exhibit 4*

9. Defendants admit that Plaintiff's counsel sent the undersigned a letter on May 9, 2020 regarding Defendants' responses to Plaintiff's discovery requests alleging that same were deficient. Defendants deny that their responses were deficient for the reasons stated in this Response and Brief in Support of same.

10. Defendants deny that any response to Plaintiff's counsel's letter was required as their responses are not deficient.

11. Defendants admit that the language of Rule 33, 34 and 37 speak for themselves. Defendants responded to Plaintiff's requests, truthfully, accurately and entirely and affirmatively aver that their responses were not deficient.

12. Defendants deny that sanctions are required in this instance. Rather as stated herein and in the Brief in support of this Response, Defendants were and remain

substantially justified in responding to Plaintiff's responses in the manner and form presented and circumstances surrounding any alleged delay in response make an award of sanctions herein unjust pursuant to Rule 37 (a)(5)(ii)-(iii).

13.The undersigned admits that Plaintiff's counsel sent an email on May 21, 2020 stating, "Please let me know by the end of the day whether you will supplement Defendants' discovery responses, otherwise I will move ahead and file a motion to compel at a time when the undersigned was struggling to work from home, without power, during a "500 year flood," resulting in the declaration of a State of Emergency by Governor Whitmer,  affecting the undersigned's county of residence – Midland County – and place of business – Saginaw County – which was unreachable.

WHEREFORE, Defendants respectfully request that this Honorable Court

Deny the relief requested in Plaintiff's Motion in its entirety.

Respectfully submitted,

/s/CHRISTOPHER J. MARKER (P81564)
O'NEILL, WALLACE & DOYLE, P.C.
     BY: CHRISTOPHER J. MARKER (P81564)
        DAVID CARBAJAL (P41130)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY SCOON | )Case No.:  19-cv-13440 |
| | )HONORABLE DENISE PAGE HOOD |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| RITCHIE ENTERPRISES, LLC, | ) |
| SANDUSKY INVESTMENTS, | ) |
| LLC and DONALD DUANE | ) |
| RITCHIE, In his personal and | ) |
| professional capacities; | ) |
| | ) |
| Defendants. | ) |
| | ) |

SALVATORE PRESCOTT & PORTER, PLLC
BY:  SARAH S. PRESCOTT (P70510)
        NORA E. MAHLBERG (P83584)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
O'NEILL, WALLACE & DOYLE, P.C.
BY: CHRISTOPHER J. MARKER (P81564)
        DAVID CARBAJAL (P41130)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
RAFTERY & BARRON PC
BY: JEANNE V. BARRON (P37138)
        MICHELLE URBANEK (P82533)
Attorneys for Defendants
32901 Middlebelt Rd Ste 500
Farmington Hills, MI 48334
(248) 538-2400

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES

### INTROUDCTION AND STATEMENT OF FACTS

Defendants respectfully rely upon the facts and circumstances related to the timing of the production of their responses to Plaintiffs' discovery requests during this unprecedented time as stated in their Response to Plaintiff's Motion to Compel. Plaintiff's Motion appears only to take issue with the sufficiency of Defendants Answers to Interrogatories and Responses to Requests for Production of Documents. For the reasons stated in the Defendants Response to Plaintiff's Motion and further explained herein, Defendants answered the Plaintiff's discovery requests truthfully, accurately and completely; were not evasive or nonresponsive; and were substantially justified in answering / responding in manner and form that they did under the circumstances.

As it relates to Plaintiff's request for Rule 37 sanctions, Defendants were substantially justified in answering the way that they did and the circumstances surrounding the delay in responses / the responses themselves make an award of sanctions unjust pursuant to Rule 37 (a)(5)(A)(ii)-(iii).

### LAW AND ARGUMENT

I.     **Background / Legal Framework.**

The Scope of discovery is governed by Rule 26(b).  It provides generally that:

**(b) DISCOVERY SCOPE AND LIMITS.**

2

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

\* \* \*

**(C)** *When Required.* ON Motion or on tis own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> **(i)** The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** The party seeking discovery had had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Even if a matter is both nonprivileged and relevant, a district court has discretion to further limit the scope of discovery "where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither

may a plaintiff be permitted to go fishing." In order to evaluate whether a discovery

burden is undue, the Court must weigh "the likely relevance of the requested material

. . . against the burden of producing the material." *EEOC v. Ford Motor Credit*

*Co.,* 26 F.3d 44, 47 (6th Cir. 1994).

Next, Rule 37 (a)(5) states in relevant part:

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)**   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)**  the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

Pursuant to the above-mentioned legal framework, Defendants will now

address each discovery request that Plaintiff takes issue with in turn below.

4

## II.     Plaintiff's Discovery Requests and Defendants' Responses.

a. **Interrogatory No. 1:**  State every occasion you have spoken with

Plaintiff and the contents of those conversations.

**RESPONSE:** Defendants object to the instant interrogatory on the

grounds that the same is vague, ambiguous and overbroad as it fails

to define a relevant time frame.  Defendants further object to the

instant interrogatory on the grounds that the same seeks a narrative.

Subject to the stated objections, and without waiving same,

discovery is ongoing and Plaintiff is free to take the deposition of

Donald Duane Ritchie.

This request seeks information that is within Plaintiff's possession and control

– the content of conversations that Plaintiff herself had with Defendant Ritchie.

Plaintiff, perhaps acknowledging that she is aware of the content of the

conversations between her and Defendant Ritchie which she seeks in this request

states in her Motion that "the instances when the two interacted are not voluminous

nor did they occur over a long period of time."  Indeed, her Complaint, which is

required to be pled in good faith with sufficient factual basis to support the

allegations contained therein, references multiple alleged conversations that she

believes took place and the content of same.  *See* Exhibit 1 at pgs. 3-6.  She is aware

of the information, can use it to prepare for the Deposition of Defendant Ritchie and can cross examine Defendant Ritchie with this information at his deposition.

Furthermore, the Request is overbroad and fails to define any relevant time frame for the conversations requested. The objections to the discovery requests are not meritless. A request that calls for "all documents" is generally considered vague and overbroad. *See Fernanders v. Mich. Dep't of Military and Veterans Affairs*, 2013 WL 1945985\* 1 (E.D. Mich. May 9, 2013). Using this principal through analogy, a request for "every occasion you have spoken with Plaintiff and the contents of those conversations" is vague and overbroad. Based upon the foregoing, Defendants completely answered Plaintiff's First Interrogatory and were justified in the response given pursuant to Rule 37(a)(5)(A)(ii). Furthermore, as this information is already within the possession of the Plaintiff, Defendants respectfully submit that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive pursuant to Rule 26(2)(C)(i).

    b. **<u>Interrogatory No. 3:</u>** State any and all times Plaintiff has requested a tenancy with Defendants and the basis for denying her request.

    **RESPONSE:** This information is / should be known by the Plaintiff as the individual making said request. Defendants recall that Plaintiff has requested an apartment on one occasion. However, at

the time of the request, there were no apartments available. Plaintiff

has since been offered an apartment when one became available on

February 15, 2020 at $650 per month for a two-bedroom apartment

with a one-year lease subject to same terms and conditions applied

to all apartments at Defendants' apartment complex.

Defendants deny that this request is unresponsive. This request again seeks

information that is within Plaintiff's possession and control – the content of

conversations / number of applications that Plaintiff herself had with / submitted to

Defendant Ritchie and as such the information requested can be obtained from some

other source that is more convenient, less burdensome, or less expensive pursuant to

Rule 26(2)(C)(i).

Further, Defendants answered this interrogatory to the best of their knowledge

and ability stating that "Defendants recall that Plaintiff has requested an apartment

on one occasion. However, at the time of the request, there were no apartments

available." Indeed, this answer completely answers the questions posed: Home

many times did Plaintiff request an apartment? Once; Why was she denied tenancy

on that occasion? Because no apartments were available. The fact that Plaintiff's

counsel believes that this does not comport with her client's side of this story does

not make the response insufficient or evasive. Rather it completely answers the

question posed. Further information related to "tenancy" vs. "request for an

7

apartment" speaks directly to the way that the question was posed, not the answer itself.  Defendants were justified in responding to Plaintiff's request in the manner and form that they did as they answered the Plaintiff's question as posed pursuant to Rule 37(a)(5)(A)(ii).

    c. **<u>Interrogatory No. 5:</u>** State the factual basis for your assertion that you denied Plaintiff's tenancy in whole or in part for "health and safety concerns."

    **RESPONSE:** Defendants are unable to answer the instant interrogatory in its present form as it fails to reference relevant documentation for which a factual basis is sought.

Defendants stand by the answer given to this Interrogatory.  The fact that the Interrogatory lacks context and fails to identify what document the quoted language is contained within again speaks to the form of the question and not the substance of the answer.  Defendants and their counsel cannot possibly be expected to answer an interrogatory / determine information that an interrogatory seeks through osmosis. This Interrogatory does not clearly reference Defendants' Answer or a paragraph therein (given the fact that there are 158 numbered paragraphs in response to Plaintiff's voluminous complaint).  *See Def.s' Answer to Plf.'s Complaint* – Exhibit 3.  The interrogatory references no document at all.  Defendants were justified in

responding to Plaintiff's request in the manner and form that they did as they answered the Plaintiff's question as posed pursuant to Rule 37(a)(5)(A)(ii).

    **d. <u>Request to Produce No. 2:</u>** Produce all leases between tenants and Defendants for the past five years.

    **RESPONSE:** Defendants object to the instant request for production of documents on the grounds that the same is overbroad, a request for information containing personal identifiable information of tenants and is otherwise undiscoverable. Subject to the objections, please see the standard lease agreement that is already in Plaintiff's possession utilized for all tenants.

Again, request that calls for "all documents" is generally considered vague and overbroad. *See Fernanders v. Mich. Dep't of Military and Veterans Affairs*, 2013 WL 1945985* 1 (E.D. Mich. May 9, 2013). Plaintiff seeks production of all leases between tenants and Defendants for the past five (5) years for over thirty (30) units on this property alone. In response, Defendants supplied a lease agreement that has been used with all of the tenants. Defendants do not have authority to divulge the personal information of their tenants (Social Security Numbers or the like) who may or may not choose to be involved in this litigation. Plaintiff did not and has not supplied an authorization for this information related to these tenants. Further, Plaintiff is perfectly capable to going to Defendants' apartment complex and

requesting this information from Defendants' tenants.   Defendants again were

justified in responding to Plaintiff's request in the manner and form that they did as

they answered the Plaintiff's question as posed pursuant to Rule 37(a)(5)(A)(ii).

    **e.** **Request to Produce No. 5:** Produce all documents regarding

        Defendants' correspondence with David Vannest.

        **RESPONSE:** Please see the attached.

With the exception of every lease, as described above, Defendants have produced

every document related to Plaintiff and Defendants and Plaintiff's father that

Plaintiff had not already produced to Defendants.   There is nothing further for

Defendants to produced.   Therefore, Defendants again were justified in responding

to Plaintiff's request in the manner and form that they did as they answered the

Plaintiff's question as posed pursuant to Rule 37(a)(5)(A)(ii).

    **f.** **Request to Produce No. 6:** Provide all documentation supporting

        the basis for denying Plaintiff's tenancy.

        **RESPONSE:** Please see answer to interrogatory number three and

        the Defendants' previous answers to Plaintiff's discovery requests.

The response to this request specifically answers the question / request posed and

specifically references Plaintiff's answer to interrogatory number three.   Defendants

answer to interrogatory number 3 and the rent roll supplied by Defendants in their

responses support Defendants response regarding the lack of ability to rent an

apartment to Plaintiff. Defendants are unsure what further Plaintiff seeks and do not have anything further in their possession responsive to this request. They were justified in responding in this fashion pursuant to Rule 37(a)(5)(A)(ii).

g. **<u>Request to Produce No. 7:</u>** Provide all postings for apartments in Defendants' properties for the past five years.

**RESPONSE:** As stated in Defendants' summary of the case within the joint discovery plan, Defendants have advertised the apartments, but the advertisements run continuously, regardless of apartment availability. Plaintiff is in possession of said postings.

Defendants responded to Plaintiff's instant request wholly and truthfully. Defendants advertise these apartments continuously as explained and do not retain the advertisements in their possession. In Response to Defendants' Discovery Requests, Plaintiff produced certain advertisements in the Sanilac County Newspaper for these apartments. Plaintiff is perfectly capable of subpoenaing the information sought within this Discovery Request directly from the source – the Sanilac County Newspaper. Defendant would be happy to provide an authorization for this information if necessary and would request a copy of same as this information is not within Defendants possession and is just as assessible to Plaintiff as it is Defendants. Therefore, the information requested can be obtained from some

other source that is more convenient, less burdensome, or less expensive pursuant to

Rule 26(2)(C)(i).  Defendants were justified in responding in this fashion.

   h. **<u>Request to Produce No. 8:</u>** Produce a copy of any insurance policy

      that covers any claims.

      **RESPONSE:** Defendants object for the instant request for

      production of documents on the grounds that the same makes

      reference to insurance and seeks information and/or evidence that is

      not relevant or reasonably calculated to lead to the discovery of

      admissible evidence in this cause.  Subject to the stated objection,

      and without waiving same declaration pages have been requested by

      each counsel for Defendants and will be provided upon receipt

      thereof.

Defendants had requested a declarations page from their insurers and stated that they

would provide same upon receipt thereof.  A copy of the requested declarations page

was recently received on May 28, 2020 and is attached hereto as *Exhibit 4.*

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Honorable Court

Deny the relief requested in Plaintiff's Motion in its entirety.

Respectfully submitted,


/s/CHRISTOPHER J. MARKER (P81564)
O'NEILL, WALLACE & DOYLE, P.C.
    BY: CHRISTOPHER J. MARKER (P82564)
        DAVID CARBAJAL (P41130)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date stated below, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF System, which will send notice of

and a copy of such filing to counsel of record at their email address(es) of record.


Respectfully Submitted,

Dated: June 2, 2020          <u>/s/CHRISTOPHER J. MARKER (P81564)</u>
                             Attorney for Defendants
                             300 St. Andrews Road, Suite 302
                             Saginaw, Michigan 48638