UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY SCOON | ) Case No.: 19-cv-13440 |
| | ) HONORABLE DENISE PAGE HOOD |
| Plaintiff, | ) |
| v | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| RITCHIE ENTERPRISES, LLC, | ) |
| SANDUSKY INVESTMENTS, | ) |
| LLC and DONALD DUANE | ) |
| RITCHIE, In his personal and | ) |
| professional capacities; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

SALVATORE PRESCOTT & PORTER, PLLC
BY:  SARAH S. PRESCOTT (P70510)
     NORA E. MAHLBERG (P83584)
Attorney for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
_____

O'NEILL, WALLACE & DOYLE, P.C.
BY: CHRISTOPHER J. MARKER (P82564)
    DAVID CARBAJAL (P41130)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
_____

Johnston, Sztykiel & Hunt, Fraser Gold & Barron, P.C.
BY: JEANNE V. BARRON (P37138)
3250 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 641-1800
jbarron@jshlawmi.com
_____

**DEFENDANTS' MOTIONS IN LIMINE**

## ORAL ARGUMENT REQUESTED

NOW COME the above-named Defendants, RITCHIE ENTERPRISES, LLC, SANDUSKY INVESTMENTS, LLC and DONALD DUANE RITCHIE, by and through their attorneys, CHRISTOPHER J. MARKER and JEANNE V. BARRON, and hereby file this Motion in Limine addressing anticipated issues and hereby requests this Court to enter an Order granting Defendants' Motion in Limine and instructing Plaintiff's counsel and any and all witnesses for Plaintiff to refrain from making any mention, or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, or, in addition to or in the alternative, without first approaching the bench to obtain a ruling from this Court, outside the presence and hearing of the Jury, in regard to any alleged theory of admissibility of such matters.

1. Plaintiff filed her Complaint on November 20, 2019. See Doc. #1 Page ID 1-17.

2. Plaintiff's Complaint alleges violations of the Fair Housing Act for race and national origin discrimination, as well as disability discrimination, see Doc. #1 Page ID 7-9. The Plaintiff's claims for disability discrimination have been dismissed pursuant to this Court's opinion and order granting in part and denying in part Defendants' Motion for Summary Judgment. See Doc. #85, Page ID 1336.

3. Plaintiff's Complaint alleged 11 violations of various federal and state laws, including race discrimination, national origin discrimination, disability discrimination, infringements in violation of Civils Right Act of 1866 42 U.S.C. 1981 and 1982, Failure to Accommodate Disability in violation of PWDRA, disability discrimination in violation of the PWDRA, national origin discrimination in violation of the Elliot-Larsen Civil Rights Act, race discrimination in violation of the Elliot-Larsen Civil Rights Act, intentional infliction of emotional distress, and assault.

4. The court dismissed the disability discrimination under the Federal Housing Act, failure to accommodate disability claim under the persons with disability act, disability discrimination under the PWDRA.

5. Given the Defendants' review of Plaintiff's proposed pretrial order, there are several matters that Defendants are addressing in this Motion in Limine.

6. Defendants are requesting this Court preclude the following:

    a. Any interrogation, evidence or testimony relating to the question of any type of insurance coverage, or lack thereof including the use of the term "adjuster" as it relates to Defendants, same being contrary to FRE 411. Plaintiff has indicated in their proposed Joint Final

    Pretrial Order that they intend to use as exhibits, the insurance policies, which Defendant objects to.

b. Any interrogation, evidence or testimony relating to offers of settlement, same being contrary to FRE 408. Parties have engaged in some preliminary settlement negotiation, which would be precluded.

c. Any interrogation, evidence or testimony relating to poverty, financial hardship or inability to pay or meet expenses, such as hospital expenses, medical expenses, etc., and that such statement would be utilized solely to appeal to the sympathy of the jury which is contrary FRE 401, 402, 403 and case law.

d. Any interrogation, evidence, or testimony of any witness without this Honorable Court first entering an Order providing for the sequestration of all witnesses excluding parties or their representatives during the course of the trial with specific instructions to all parties and witnesses who have testified that their testimony is not to be discussed with the sequestered witnesses in order to insure fair and impartial presentation of evidence during the course of the trial.

e. Any interrogation, testimony and / or evidence regarding Plaintiff's medical or mental health conditions or alleged disabilities both prior to and after the dates of the incident which form the subject of Plaintiff's Complaint pursuant to Plaintiff's previous admissions and FRE 401, 402 and 403. Therefore, any testimony about Plaintiff's alleged disability must be excluded.

f. Any interrogation, testimony and / or evidence regarding any evidence, documents or records not previously disclosed or produced during the discovery phase of this case pursuant to Fed R. Civ. Pro. 26. Defendants merely seek an order to prevent ambush at Trial.

WHEREFORE, for the reasons stated, Defendants respectfully request that this Honorable Court GRANT their Motions in Limine and Order that any argument, interrogation, evidence or testimony with respect to the matters set forth herein be excluded at the time of Trial.

| /s/ Christopher J. Marker | /s/ Jeanne V. Barron |
|---|---|
| Christopher J. Marker (P81564) | Jeanne V. Barron (P37138) |
| David Carbajal (P41130) | Johnston, Sztykiel & Hunt, Fraser Gold |
| O'Neill, Wallace & Doyle P.C. | & Barron, P.C. |
| 300 St. Andrews Road, Ste. 302 | 3250 W. Big Beaver Road, Suite 500 |
| Saginaw, MI 48638 | Troy, Michigan 48084 |
| (989) 790-0960 | (248) 641-1800 |
| cmarker@owdpc.com | jbarron@jshlawmi.com |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

## *ORAL ARGUMENT REQUESTED*

### I.  BACKGROUND

This lawsuit involves a dispute between Plaintiff, Emily Scoon, and Defendants, Donald Duane Ritchie, Ritchie Enterprises, LLC, and Sandusky Investments, LLC. Plaintiff filed an 11-count complaint alleging multiple claims under state and federal laws. Defendants filed a Motion for Summary Judgment, and this Honorable Court entered an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Specifically, the Court ordered that the following claims: disability discrimination under the Federal Housing Act, failure to accommodate disability claim under the persons with disability act, disability discrimination under the PWDRA. The claims that remain are race and national origin discrimination under the FHA, Counts I and II, USC 1981 and 1982, Counts IV and V, national origin discrimination and race discrimination under the Elliot-Larsen Civil Rights Act (ELCRA) Counts VIII and IX, intentional infliction of emotional distress, Count X and, assault, Count XI. Defendants move this Honorable Court to grant their Motion in Limine and preclude Plaintiff and Plaintiff's counsel from any and all witnesses to refrain from making any mention or interrogation directly or indirectly in any manner whatsoever concerning any of the following

matters. If the Court will not preclude the evidence at a minimum, the Defendants request that if the Plaintiff intends to bring forth any evidence or interrogation on any of these issues, that the Plaintiff will approach the bench to obtain a ruling from the court outside the presence and hearing of the jury.

>   II. **Any interrogation, evidence, or testimony relating to questions of any type of insurance coverage or lack thereof, including the use of the term "adjuster" as it relates to Defendants, must be barred by this Court as violative of FRE 411.**

Plaintiff has indicated in her proposed Joint Final Pretrial Order that Plaintiff intends to try to introduce as an exhibit Defendants' insurance policies. That is clearly not proper. FRE 411 prohibits the introduction of insurance into a trial, under most circumstances and states in its entirety:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

FRE 411.

Based upon the foregoing, and pursuant to FRE 411, Defendants respectfully request an Order precluding any interrogation, evidence or testimony relating to the question of any type of insurance coverage, or lack thereof including the use of the term "adjuster" as it relates to Defendants.

### III. Any discussions about settlement are also barred pursuant to FRE 408.

The parties have begun to engage in some settlement discussions. Any evidence about that is barred by FRE 408.

FRE 408 states in its entirety:

> **(a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>   **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>   **(2)** conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

For the same reasons the Court should preclude any evidence of "Settlement Conferences and Facilitation/Mediation", if any, as said matters are precluded by the above-referenced Authority said evidence is not relevant, and if relevant its probative value is substantially outweighed by its prejudicial effect. *See* FRE 402 and 403.

### IV. Any interrogation, evidence or testimony relating to poverty, financial hardship or inability to pay or meet expenses, such as

> **hospital expenses, medical expenses, etc., and that such statement would be utilized solely to appeal to the sympathy of the jury.**

That pursuant to FRE 401, 402, 403 and Danaher v Partridge Creek, 116 Mich. App. 305 (1982) this information is clearly irrelevant, this evidence should be prohibited from being brought before the jury at any time.

Furthermore, United States Court of Appeals for the Sixth Circuit Pattern Jury Instruction 1.02 JURORS' DUTIES provides that the Jury should decide the facts in this matter from the evidence without regard to sympathy or other biases and states in pertinent part:

> (4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Based upon the foregoing, evidence related to poverty, financial hardship or inability to pay or meet expenses, such as hospital expenses, medical expenses or otherwise relating to socioeconomic status and sympathy is inadmissible. It is irrelevant – has no tendency to make the existence of a material fact more or less likely; more prejudicial than probative; and not to be considered by the Jury pursuant to Pattern Jury instruction 1.02.

> **V.  Any interrogation, evidence, or testimony of any witness without this Honorable Court first entering an Order providing for the sequestration of all witnesses excluding parties or their**

> **representatives during the course of the trial with specific instructions to all parties and witnesses who have testified that their testimony is not to be discussed with the sequestered witnesses in order to insure fair and impartial presentation of evidence during the course of the trial.**

This Honorable Court is clothed with the discretion and authority to order the sequestration of witnesses in order to ensure justice and promote the fair presentation of evidence during the course of the trial in this cause.

The power to sequester witnesses is codified in the Federal Rules of Evidence. FRE 615 states that at the request of a party, the Court may order witnesses excluded so that they cannot hear the testimony of other witnesses.

> **VI.   Any interrogation, testimony and / or evidence regarding Plaintiff's medical or mental health conditions or alleged disabilities both prior to and after the dates of the incident which form the subject of Plaintiff's Complaint pursuant to Plaintiff's previous admissions and FRE 401, 402 and 403.**

As this Honorable Court is aware, Plaintiff's Complaint alleged, *inter alia*, claims of Disability Discrimination under the Fair Housing Act (Count III) and Failure to Accommodate Disability under the Persons With Disabilities Civil Rights Act (Count VI) and Disability Discrimination under the Persons With Disabilities Civil Rights Act (Count VII) (collectively referred to herein as the "dismissed claims.") *Plf.'s Complaint*, Dkt. No. 1, Page ID. 1-17. However, in its "Order

Granting in Part Defendants' Motion for Summary Judgement [ECF No. 59], Granting Plaintiff's Motion for Summary Judgment Considered as a Motion to Extend [ECF No. 66]. Denying Defendants' Motion to Strike Response to Defendants' Motion for Summary Judgement [ECF No. 72] and Denying Without Prejudice Defendants' Motion to Compel [ECF No. 57]" this Honorable Court dismissed the above-referenced dismissed claims. *10/5/23 Order*, Dkt. No. 85, Page ID. 1367-1368. Furthermore, in Plaintiff's Response to Defendants' Motion to Compel, Plaintiff stated that based upon the above-referenced Order of this Court regarding Defendants' Motion for Summary Judgment, Plaintiff's "disabilities are no longer relevant." *See Plf.'s Response to Defendants' Motion to Compel*, Dkt. No. 90, Page ID. 11.

FRE 401 provides the definition of relevant evidence and states in its entirety:

Evidence is relevant if:
**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
**(b)** the fact is of consequence in determining the action.

FRE 401.

Next, FRE 402 excludes evidence that is not relevant as inadmissible. Finally, FRE 403 provides that this Honorable Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly

presenting cumulative evidence. Based upon the foregoing, Plaintiff has admitted that any evidence regarding her medical or mental health conditions or alleged disabilities both prior to and after the dates of the incident which form the subject of Plaintiff's Complaint are irrelevant. Therefore, same must be excluded pursuant to FRE 402. Finally, if this Court were to find that Plaintiff's conditions are somehow relevant to her remaining claims, then same must be excluded pursuant to FRE 403 because they relate to claims that have been dismissed and any potential probative value of same is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, wasting or time and / or unfair prejudice to Defendants in being required to support defenses to claims that have been dismissed. Plaintiff has indicated that they will possibly use discovery responses and have listed those as potential exhibits. Any discovery responses that in any way reference the disability claims must be stricken prior to trial in this case. Plaintiff has also listed transcripts; any deposition testimony that in any way references the alleged disability discrimination claims also must be stricken. Therefore, Defendants are requesting that counsel for the parties meet ahead of time and go through any potential exhibits and strike those references to any of the Plaintiff's alleged claims of disability discrimination prior to trial.

    **VII. Any interrogation, testimony and / or evidence regarding any evidence, documents or records not previously disclosed or produced during the discovery phase of this case pursuant to Fed**

**R. Civ. Pro. 26. Defendants merely seek an order to prevent ambush at Trial.**

Fed. R. Civ. Pro. 26 requires a party to disclose witnesses, documents, a computation of each category of damages claimed, etc. In addition, Fed R. Civ. Pro. 26(e) requires a party who has made Rule 26 disclosures, or who has responded to an interrogatory, request for production, or request for admission to supplement or correct same in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect if the additional or corrective information has not otherwise been made known to the other parties during the discovery process of in writing. Based upon the foregoing, any evidence, documents or records not previously disclosed or produced during the discovery phase of this case pursuant must be excluded pursuant to Fed R. Civ. Pro. 26.

## CONCLUSION

WHEREFORE, for the reasons stated, Defendants respectfully request that this Honorable Court GRANT their Motions in Limine and Order that any argument, interrogation, evidence or testimony with respect to the following:

1. Insurance;
2. Offers of Settlement;
3. Testimony related to poverty, financial hardship or inability to pay or meet expenses;
4. Any interrogation, testimony or evidence regarding Plaintiff's medical or mental health conditions or alleged disabilities, both prior to and after the date of the incident;

5. Defendants also specifically request that the witnesses be sequestered and that the sequestered witnesses be not allowed to speak about their testimony to witnesses that have not testified as of yet.

| /s/ Christopher J. Marker | /s/ Jeanne V. Barron |
|---|---|
| Christopher J. Marker (P81564) | Jeanne V. Barron (P37138) |
| David Carbajal (P41130) | Johnston, Sztykiel & Hunt, Fraser Gold |
| O'Neill, Wallace & Doyle P.C. | & Barron, P.C. |
| 300 St. Andrews Road, Ste. 302 | 3250 W. Big Beaver Road, Suite 500 |
| Saginaw, MI 48638 | Troy, Michigan 48084 |
| (989) 790-0960 | (248) 641-1800 |
| cmarker@owdpc.com | jbarron@jshlawmi.com |

**CERTIFICATE OF ELECTRONIC FILING WITH CM/ECEF**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on **December 4, 2023**

```
____U.S. Mail           ____Fax
____Hand Delivered      ____UPS
____Federal Express      x  Other/efile
```

Signature___/s/ Kourtney A. Hubenschmidt___
Kourtney A. Hubenschmidt